IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



In re:  In Proceedings Under Chapter 7

QIANA PARKER,  Case No.: 05-29158

Debtor.

JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

This matter is before the Court upon Qiana Parker's (the "Debtor") motion to reinstate her discharge which was previously revoked, pursuant to Rule 9024(b) of the Federal Rules of Bankruptcy Procedure. The motion is opposed by the Chapter 7 Trustee (the "Trustee"). Core matter jurisdiction is acquired under *28 U.S.C. § 1334* and General Order No. 84 of this District. Following the conclusion of a duly noticed hearing and consideration of the record, the following conclusions of law and findings of fact are hereby rendered:

\*

Debtor filed a voluntary Chapter 7 petition on October 10, 2005. During a 11 U.S.C. § 341 meeting of creditors held on December 9, 2005, the Trustee requested that the Debtor provide her 2005 federal and state tax returns (the "Tax Returns") by February 20, 2006. The request was acknowledged by the Debtor. However, she failed to provide the returns by such date, prompting a letter from the Trustee to the Debtor's attorney on February 23, 2006 requesting that the Tax Returns be provided within ten (10) days.

On March 29, 2006, after a lack of response from the Debtor and her counsel, the Trustee

1

moved for authority to examine the Debtor under Rule 2004 of the Federal Rules of Bankruptcy Procedure. The Court granted the motion, directing the Debtor to appear at the Trustee's office on April 28, 2006 with the Tax Returns (the "Examination Order"). The Debtor did not comply with the Examination Order.

On May 22, 2006, the Trustee commenced an adversary proceeding to revoke the discharge previously granted to the Debtor on February 10, 2006. Revocation was requested based on the Debtor's failure to comply with the Examination Order and failure to provide the Tax Returns.

The following day, the Debtor's attorney faxed to the Trustee a copy of her Tax Returns, which indicated that the Debtor was entitled to receive tax refunds from the federal and state governments in the aggregate sum of $4,469.85 (the "Tax Refund"). In response, the Trustee requested that $4,269.85, which constituted the non-exempt, prorated portion of the Tax Refund as calculated by the Trustee, be turned over within thirty (30) days. The Debtor did not provide the funds.

On June 27, 2006, the Trustee filed a motion for turnover of $4,269.85. The Debtor objected and filed amended claims of exemption under O.R.C. § 2329.66(A)(11). Debtor asserted that the amount of her Tax Refund which was attributed to Earned Income Tax Credit ("EITC") and the Child Tax Credit ("CTC") were exempt property. The Trustee timely objected to the Debtor's amended claims of exemption, contending that the EITC was nonexempt property of the estate. On September 14, 2006, following a hearing, the Court issued its opinion holding the EITC was nonexempt property but that a portion of the CTC may be exempt property. Additionally, the Court ordered that the Debtor submit a signed copy of her Tax Returns to the

2

Court for further consideration (the "Exemption Judgment").

The Debtor failed to comply with the Exemption Judgment, as she did not provide to the Court a signed copy of her tax returns. On December 1, 2006, the Debtor's discharge was revoked under 11 U.S.C. § 727(d). The Debtor consented to the revocation, as evidenced by an Agreed Final Judgment ("Revocation Judgment"). Following a conversion to Chapter 13 and then a reconversion to Chapter 7, the Trustee filed a motion to liquidate the amount to be turned over to the estate. The Court granted the motion and issued a turnover order directing the Debtor to remit the aforesaid amount of $4,269.85 to the Trustee (the "Turnover Order"). The Debtor, again, did not comply with a Court order.

Finally, on August 13, 2007, the Trustee commenced a wage garnishment proceeding in the Cleveland Municipal Court to recover the amount due in the Turnover Order. To date, the Trustee has received $4,425.85 for the benefit of the estate.

∗∗

The dispositive issue for the Court's determination is whether the Revocation Judgment, which revoked the Debtor's discharge, should be vacated under Rule 9024 of the Federal Rules of Bankruptcy Procedure.

∗∗∗

The Debtor alleges that the Revocation Judgment should be vacated since she has faithfully provided to the Trustee the amount sought by the Trustee in the Turnover Order. She asserts she has completed her payments to the Trustee. The Debtor contends that she did not initially turn over the money when required to by this Court since she had already used the funds upon the mistaken belief that the tax refund attributed to EITC was exempt property.

3

The Trustee alleges that the Debtor has not acted in good faith and has disregarded her statutory duties as a debtor. The Trustee asserts that the Debtor has failed to cooperate with the Trustee and failed to comply with the Court's orders throughout the course of the Debtor's bankruptcy case. Additionally, the Debtor did not voluntarily make payments to the Trustee. Funds were received to satisfy the Turnover Order solely as a result of the wage garnishment proceeding in the Cleveland Municipal Court.

****

Rule 9024(b) incorporates Rule 60(b) of the Federal Rules of Civil Procedure into the administration of bankruptcy proceedings, with several exceptions that are not relevant to the instant case.

Rule 60(b) provides:

*Grounds for Relief from a Final Judgment, Order, or Proceeding.*

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

*Fed. R. Civ. P. 60(b).*

The burden of proof is upon the movant Debtor to support a motion under Rule 60(b) to vacate a previous court order. Such burden is to be carried by a preponderance of the evidence

standard of proof. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365-366 (6th Cir. 1990); *Satterlee v. Allen Press, Inc.*, 455 F.Supp.2d 1236, 1242 (D. Kan. 2006). Once a prima facie case is established by the movant, the burden of going forward with sufficient evidence to controvert the prima facie case is reposed in the non-moving party.

Under Rule 60(b), a court may relieve a party from a judgment upon six different grounds. Competing against this rule is a public policy favoring finality of judgments and the termination of litigation. *Waifersong, Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). Notwithstanding, a motion premised upon Rules 60(b)(1-3) must be brought within one year of the entry of the judgment sought to be vacated. *Fed. R. Civ. P. 60(b)(1-3)*. Meanwhile, Rules 60(b)(4-6) do not have an expiration date, but do require that the motion be brought within "a reasonable time." *Fed. R. Civ. P. 60(b)(4-6)*. "What constitutes a reasonable time depends on the facts of each case." *In re Jacobs*, 2008 WL 4369273, *2 (Bankr. D. Kan. 2008). Here, the Debtor filed the instant motion more than one year after the Revocation Judgment was entered, rendering her motion untimely under Rules 60(b)(1-3). As a result, the Debtor may not invoke Rules 60(b)(1-3) as grounds for relief.

The Debtor's motion cites Rules 60(b)(5) and (b)(6) as the bases for relief. Regarding Rule 60(b)(5), Debtor's argument in support is unclear. However, she appears to state that because she has faithfully paid the Trustee the amount due under the Turnover Order, the Turnover Order has been satisfied. As a result, the Revocation Judgment should be vacated as it was premised on her failure to comply with the Turnover Order. The Trustee's objection did not address Rule 60(b)(5) because the Debtor did not advance this rule as a ground for relief until recently in her supplemental brief filed on the day prior to the hearing. Notwithstanding, the

5

Trustee's objection indicates that all the funds he received from the Debtor resulted from his prosecution of the wage garnishment proceeding. The Debtor did not voluntarily remit funds to the Trustee nor did she compensate the Trustee for the fees and costs he incurred in attempting to recover property that belonged to the estate. The Trustee's allegations were not controverted by the Debtor.

Under Rule 60(b)(5), a judgment may be set aside for the following reasons: i) it has been satisfied, released or discharged; ii) it is based on an earlier judgment that has been reversed or vacated; or iii) applying it prospectively is no longer equitable. With respect to the first ground, it is undisputed that the Revocation Judgment has not been released or discharged. Also, the Debtor has not "satisfied" the Revocation Judgment because she did not voluntarily make payments to the Trustee in good faith. Rather, the Trustee was able to recover the turnover funds by virtue of post-judgment enforcement activity.

The cases cited by the Debtor are factually distinguishable and are not binding. In *Yoon v. Havens (In re Havens)*, Ch. 7 Case No. 02-65847-JPK, Adv. No. 04-6040, slip op. (Bankr. N.D. Ind. Feb. 28, 2008), the debtor filed a satisfaction of judgment along with a motion to reinstate her discharge. In the *Havens* opinion, there was no indication if the debtor voluntarily made payments to the trustee. Also not discussed was whether the trustee objected to reinstatement of the debtor's discharge. These critical facts, which are not present in the *Havens* opinion, are important to this Court's inquiry. Notedly, a satisfaction of judgment was filed in *Havens*, unlike in the present case. Here, there is no dispute that the Debtor did not voluntarily remit payments to the Trustee. If not for the wage garnishment proceeding, the Trustee may not have recovered any assets for the benefit of the estate. As a result of the Debtor's lack of

6

cooperation throughout her bankruptcy case, the Trustee objects to the Debtor's request for reinstatement of her discharge.

The other case cited by the Debtor, *In re Oxley*, 2007 WL 2590166 (Bankr. D. Kan. 2007), is also factually distinguishable. The debtors in *Oxley* voluntarily paid the trustee the amount due under a previous turnover order, prompting the trustee to agree to an order to reinstate the debtors' discharge. That is entirely different from the instant Debtor's case. Herein, the Debtor did not engage in any voluntary payments to the Trustee and she did not receive the Trustee's consent to reinstatement of her discharge. Notedly, any "satisfaction" of the monetary obligation owed by the Debtor to the Trustee is not a result of the Debtor's own free will. Further, the *Oxley* court hinted that it may have reached a different conclusion if the debtors had willfully refused to turn over funds to the trustee. *Oxley*, 2007 WL 2590166, at *5 (Bankr. D. Kan. 2007). Thus, the *Oxley* opinion undermines the Debtor's contention that her discharge should be reinstated.

The remaining grounds for relief under Rule 60(b)(5) are inapplicable. The Revocation Judgment is not based on an earlier judgment that has been reversed or vacated. To prove this second ground, a movant would have to identify a prior judgment that is related to the same proceeding, in the sense of res judicata or collateral estoppel. *Wogoman v. Abramajtys*, 243 Fed. Appx. 885, 888 (6th Cir. 2007). Here, the Debtor has not cited a prior judgment in this bankruptcy proceeding that has been reversed or vacated. Finally, the Debtor has not proven the third ground for relief under Rule 60(b)(5), that a prospective application of the Revocation Judgment is inequitable. No specific facts were set forth in the Debtor's motion to support hardship or difficulty to the Debtor as a result of the Revocation Judgment. Accordingly,

Debtor's motion for relief under Rule 60(b)(5) is denied.

Alternatively, the Debtor requests that her discharge be reinstated, pursuant to Rule 60(b)(6), on the basis that she has managed to "complete payments" to the Trustee in three years despite her financial circumstances. Rule 60(b)(6) requires that the Debtor plead "extraordinary or exceptional circumstances" which are not addressed by the first five clauses of Rule 60(b). *Olle*, 910 F.2d at 365. Additionally, the facts must be so significant that "principles of equity *mandate* relief." *Id.* Further, granting relief under Rule 60(b)(6) is within a court's broad equitable discretion. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 470 (6th Cir. 2007*).* Here, the pertinent facts indicate that it would not further justice to grant the Debtor relief from the judgment revoking her discharge. She did not fulfill her statutory duties as a Debtor as set forth in Section 521 of the Bankruptcy Code, particularly her failure to provide the Tax Returns and the turnover funds when initially requested by the Trustee and then subsequently ordered by the Court. Debtor has not shown that she has cooperated with the Trustee or complied with any of the Court's orders. The fact that she did eventually pay to the Trustee the funds requested, albeit through garnishment of her wages, does not mean that the Debtor has remedied her wrongdoing. Significantly, the Debtor is seeking relief from a judgment that she willingly consented to. The Debtor had the opportunity to appeal the Revocation Judgment, which she did not. Accordingly, Debtor's motion for relief under Rule 60(b)(6) is denied.

As a final matter, the Debtor states in her motion that her discharge would not have been revoked if she had filed for bankruptcy today. This is because the EITC is now exempt from property of the estate due to legislation. As a result, the Debtor opines that the Trustee would not have requested turnover of the portion of her tax refund that is attributable to EITC. It appears

the Debtor is arguing that because there has been a change in law, that the judgment should be revoked. However, the Sixth Circuit has made it clear that a change in law, by itself, is usually not an extraordinary circumstance that warrants relief from judgment under Rule 60(b)(6). *Blue Diamond Coal Co. v. Trustees UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

The Court recognizes the importance of a discharge to debtors seeking bankruptcy relief under the Bankruptcy Code. However, reinstating the Debtor's discharge would impress other debtors that they can willfully fail to cooperate with a trustee and fail to comply with the Court's orders and still have their previously revoked discharge reinstated. Good faith is required of every debtor proceeding in bankruptcy. Moreover, the United States Supreme has held that there is no constitutional right to a bankruptcy discharge, meaning a debtor has to "earn" his or her discharge. A fundamental purpose of United States bankruptcy law is to provide a fresh start to the *honest* but financially distressed debtor. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934) (italics added).

*****

Accordingly, the Debtor's motion to reinstate her previously revoked discharge is denied. The Trustee's objection is sustained. Each party is to bear its respective costs.

IT IS SO ORDERED.

Dated, this 16th day of April 2009

JUDGE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY COURT